UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JUDY A. DILLON,

                                Plaintiff,              **16-cv-0425**

                                                        **DECISION AND
                                                        ORDER**

                -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

                                Defendant.

_____


## I.    Introduction

Represented by counsel, Judy A. Dillon ("plaintiff") brings
this action pursuant to Title II and Title XVI of the Social
Security Act ("the Act"), seeking review of the final decision of
the Acting Commissioner of Social Security ("defendant" or "the
Commissioner") denying her application for disability insurance
benefits ("DIB") and supplemental security income.    Presently
before the Court are the parties' competing motions for judgment on
the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure.    For the reasons set forth below, plaintiff's motion is
granted and defendant's motion is denied.

_____

[1]

Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of
Social Security on January 23, 2017.    The Clerk of the Court is instructed to
amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d)
to reflect the substitution of Acting Commissioner Berryhill as the defendant in
this matter.

## II.  Procedural History

Plaintiff filed an application for DIB on August 17, 2012, alleging disability due to high blood pressure, heel spurs, degenerative problems with her knees, and chronic obstructive pulmonary disease ("COPD"), with an alleged onset date of January 1, 2009.  Administrative Transcript ("T.") 90, 198, 201. Plaintiff's application was denied on October 25, 2012, T. 93-100, and she timely requested a hearing before an administrative law judge ("ALJ").  On December 9, 2013, Plaintiff filed a claim for SSI payments.  T. 179-86.  ALJ Robert T. Harvey held hearings on December 17, 2013 and April 3, 2014.  T. 31-89.  On May 15, 2014, ALJ Harvey found plaintiff was not disabled, as defined in the Act, through the date of the decision.  T. 16-30.  The Appeals Council denied plaintiff's request for review on April 1, 2016.  T. 1-7. Plaintiff then commenced the instant action.

The Court assumes the parties' familiarity with the facts of this case, which will not be repeated here.  The Court will discuss the record further below as necessary to the resolution of the parties' contentions.

## III.  The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2009.  T. 21.  At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 1, 2009, the alleged

2

onset date.  T. 21.  At step two, the ALJ found that plaintiff had the severe impairments of osteoarthritis of the knees and COPD. *Id.*  At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  T. 22.  Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations: claimant 1) cannot work in areas with unprotected heights or around heavy, moving or dangerous machinery; 2) cannot work where she was exposed to excessive pulmonary irritants; 3) had occasional limitations in climbing, squatting, kneeling, balancing, crawling, and areas where she would be exposed to cold; and 4) should never climb ropes, ladders, or scaffolds.  T. 22-25.  At step four, the ALJ found that plaintiff was capable of performing past relevant work as a waitress.  T. 25-26.  Accordingly, the ALJ found that plaintiff was not disabled.  T. 26.

**IV.  Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error.  42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Shaw v.*

*Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**V.   Discussion**

Here, plaintiff makes the following arguments in support of her motion for judgment on the pleadings: 1) the ALJ's RFC assessment was not supported by substantial evidence because it was based on bare medical findings; 2) the ALJ failed to undertake the special medical technique in determining disability caused by mental impairments; and 3) the ALJ failed to articulate why certain statements were not fully credible.

**A.   The ALJ's RFC Assessment Was Not Supported by Substantial Evidence in the Record**

Plaintiff argues that remand of this case is required because the ALJ concluded that plaintiff retained the RFC to perform a reduced range of light work even though the ALJ admitted that there were no medical opinions "regarding claimant's ability to engage in work-related activities." Docket No. 10 at 9 (citing *Cestare v. Colvin*, Case No. 15-CV-6045, 2016 WL 836082, at *2 (W.D.N.Y. 2016); T. 25). Plaintiff contends that the ALJ's error is especially grievous given that the record contains significant evidence of degeneration in both of plaintiff's knees and that the vocational expert, Josiah Pearson, testified that the need to "sit-stand at

will . . . would be problematic for a waitress" (plaintiff's past relevant work). T. 86. The Court agrees.

An "'ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.'" *Urban v. Berryhill*, Case No.16-CV-76-FPG, 2017 WL 1289587, at *3 (W.D.N.Y. Apr. 7, 2017) (quoting *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015)). "Thus, even though the Commissioner is empowered to make the RFC determination, '[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities,' the general rule is that the Commissioner 'may not make the connection himself.'" *Urban*, 2017 WL 1289587, at *3 (quoting *Wilson*, 2015 WL 1003933, at *21); *see also Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination.").

Here, the record contains bare medical findings as to plaintiff's condition and "lacks any medical opinion as to [her] physical ability to engage in work at any exertional level on a regular and continuous basis in an ordinary work setting." *Urban*, 2017 WL 1289587, at *3-4 (citing 20 C.F.R. §§ 404. 1567(b), 416.967(b)). The record contains no medical opinions as to

plaintiff's ability to "sit, stand, walk, push, lift, and pull," which are all involved in light work. *Urban*, 2017 WL 1289587, at *3-4 (citing 20 C.F.R. §§ 404. 1567(b), 416.967(b)). Here, the ALJ's decision specifically noted that "there are no opinions in the record regarding the claimant's ability to engage in work-related activities." T. 25; *see Urban*, 2017 WL 1289587, at *3 ("In fact, the ALJ's decision specifically acknowledged that no physician had opined as to Urban's physical work-related limitations.") Yet, the ALJ reached the conclusion that plaintiff was qualified to perform light work despite substantial evidence in the record regarding the degeneration of both plaintiff's knees. T. 38-42, 56, 282, 372-74, 534-36. Moreover, this is not a case where plaintiff had minor physical impairments, permitting the ALJ to render a common sense judgment because the record contained complex medical findings regarding multiple severe and non-severe impairments. T. 201. *See Urban*, 2017 WL 1289587, at *4 (concluding ALJ not permitted to render common sense judgment about plaintiff functional capacity because treatment notes contained complex medical findings and ALJ found plaintiff had multiple severe physical impairments). Under these circumstances, remand is proper because the RFC determination is not supported by substantial evidence in the record which, among other things, lacks medical source opinion as to plaintiff's physical functional capabilities.

**B.** **The ALJ Erred By Failing to Apply the "Special Technique" Required by 20 C.F.R. § 404.1520a in Evaluating the Severity of Plaintiff's Mental Impairment**

Plaintiff next challenges the ALJ's failure to follow the special technique relative to mental impairments as set forth in 20 C.F.R. § 1520a in connection with plaintiff's medically determinable impairment of depression. Docket 10 at 11. The Commissioner concedes that the ALJ did not employ the special technique, but submits that the ALJ's omission was harmless because the ALJ gave plaintiff "the benefit of the doubt," and "found that Plaintiff had non-severe depression," and ignored consideration of the limitations in any of the four areas set forth in 20 C.F.R. § 1520a. Docket 15 at 14-15.

In his decision, the ALJ acknowledged, without elaboration, plaintiff's testimony of her 2012 "bout with depression," concluding at step two that it was a non-severe medically determinable impairment. T. 21. Later, while recounting the medical evidence in the record in support of his RFC determination, the ALJ acknowledged that on September 12, 2012, plaintiff was seen by her treating physician, Dr. Javeed Mir, and found her to be depressed and cried for no reason. T. 24, 437-38. The ALJ also noted that plaintiff was prescribed Lexapro. T. 24. Nor did the ALJ acknowledge Dr. Mir's statement that plaintiff was directed to contact him if notions of suicide developed or that plaintiff planned to seek counseling with her pastor. T. 438. As plaintiff points out, the ALJ also failed to consider her testimony that she

7

continued to take psychotropic medication (paroxetine) prescribed by Dr. Mir. T. 44. Plaintiff testified that the medication was her "anxiety or emotional pills" because "she let everything get to [her] easily." *Id.* Moreover, although plaintiff testified she was not seeing a psychologist or psychiatrist, she had been counseling with a "minister type" for depression. *Id.*

At step two of the sequential evaluation, the ALJ is required to follow the "special technique" set forth in 20 C.F.R. §§ 404.5120a, 416.920a. The ALJ must consider whether the plaintiff has a medically determinable mental impairment, and if so, rate the degree of functional limitation associated with that impairment in terms of the four domains of functioning (activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation).

Although the ALJ purported to follow step two within the five-step analysis, his decision fails to account for substantial evidence in the record, both from plaintiff's testimony and her treatment records, as to plaintiff's mental impairment, and fails to consider that evidence for the remainder of the five-step sequential evaluation. *See Jackson v. Colvin*, No. 1:14-CV-00055 (MAT), 2016 WL 1578748 (W.D.N.Y. 2016) (concluding ALJ failed to consider substantial evidence in record that plaintiff's depression was severe).[2]

---

[2]
"Because stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called low-stress jobs, and the Commissioner must therefore make specific findings about the nature of a

As a result of the ALJ failing to consider these factors in determining the severity of her mental impairments, this case must be remanded. *See O'Connell v. Astrue*, Case No. 1:06-CV-1113 (LEK/VEB), 2009 WL 606155, *22 (N.D.N.Y. Mar. 9, 2009) (finding that step two error was not harmless "because it [was] not clear that the ALJ adequately considered all the evidence relevant to the issue, nor [was] it clear that the ALJ applied the special technique in formulating his . . . decision").

On remand, the ALJ is directed to consider all of the relevant evidence when making the step two determination as to which of plaintiff's impairments have more than a minimal effect on her functioning, and are therefore severe under the regulations. *See* 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. The ALJ must state the evidence he considers in this regard, follow the special technique, and explain his reasoning so that meaningful review is possible. The Court also notes that on remand, the ALJ must consider all of plaintiff's impairments, both severe and non-severe, when reaching an RFC determination. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

## C. The Court Declines to Reach Plaintiff's Argument as to Credibility

Plaintiff also argues that remand is required because the ALJ failed to articulate why plaintiff's testimony along with a letter

---

claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work." *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 189 (W.D.N.Y. 2006) (emphasis added and internal quotation marks omitted) (citing SSR 85-15).

from her former supervisor were not fully credible. Because the Court has determined that remand for further development of the record is necessary, it need not reach the issue of the ALJ's determination of plaintiff's credibility and the contents of a letter from her former supervisor. On remand and after the required additional development of the record, the Commissioner should revisit his determinations regarding credibility in light of the record as a whole.

## VI. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings(Docket No. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 15) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    September 21, 2017
          Rochester, New York.