UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDY A. DILLON,

                              Plaintiff,      **DECISION AND ORDER**

                                                **1:16-CV-00425-MAT**

          -vs-

ANDREW SAUL,[1]
Commissioner of Social Security,

                              Defendant.
_____

## I. Introduction

Plaintiff has filed a Motion for Attorney's Fees, seeking the amount of $21,543.37, pursuant to 42 U.S.C. § 406(b). Docket No. 23. Defendant filed a response on October 9, 2019, deferring to the Court on issues relating to the timeliness of Plaintiff's motion and the reasonableness of Plaintiff's fee request. *See* Docket No. 27. Plaintiff filed a reply on October 10, 2019. Docket No. 28. The matter is now fully submitted and ready for decision. Docket No. 29. For the reasons discussed below, Plaintiff's motion is granted.

## II. Background

On September 21, 2017, this Court reversed the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of Social Security. Accordingly, his name is substituted for the originally-named defendant in this action. *See* Fed. R. Civ. P. 25(d).

Income ("SSI"), and remanded the matter for further proceedings. *See* Docket No. 18.  On January 9, 2018, the Court signed a stipulation entered into by the parties, whereby Plaintiff was awarded $5,751.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in full satisfaction of her claim pursuant to the EAJA, for her attorney's services performed in connection with this action.  Docket No. 22.

Subsequently, on June 29, 2019, the Social Security Administration (SSA) issued to Plaintiff a Notice of Award, indicating that she would be awarded $86,173.48 in past-due benefits.  *See* Docket Nos. 23-1 at 2 & 23-4.  The Notice of Award also provided that the SSA was withholding $21,543.37 in past-due benefits to pay Plaintiff's attorney's fees.  *See* Docket No. 23-4 at 3.

Pursuant to the fee agreement signed by Plaintiff, her attorney is entitled to 25 percent of her past-due benefits.  *See* Docket Nos. 23-2 at ¶ 16 & 23-5.  Based on the above-referenced award of benefits, the amount due to Plaintiff's attorney pursuant to the fee agreement is $21,543.37.  *See* Docket Nos. 23-1 at 5 & 27 at 5.  Plaintiff's attorney has requested a fee equal to this amount.  *See* Docket Nos. 23 & 23-1 at 5.  Plaintiff's attorney has already received the sum of $5,751.00 pursuant to the above-mentioned EAJA application and stipulation, *see* Docket No. 23-2 at ¶ 12, and he states that he will refund this fee to Plaintiff once

the instant request is granted, *see* Docket No 23-1 at 8-9. Plaintiff's attorney has submitted the Notice of Award (Docket No. 23-4), the fee agreement (Docket No. 23-5), and his time records to date (Docket No. 23-2 at ¶ 14).

### III. **Discussion**

Title 42, Section 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

"When a contingent fee has been agreed to by the parties, the district court must determine whether the fee is reasonable[,]" "giv[ing] due deference to the intent of the parties" while "not blindly approv[ing] every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Mathematical calculations are not required, but the district court should determine whether the contingency percentage is within the 25 percent cap. *Id*. In addition, it should consider "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Id.* (citations omitted).

## A. Timeliness of Plaintiff's Fee Request

Plaintiff contends that his motion, filed on August 30, 2019, is timely. *See* Docket No. 23-1 at 2. Plaintiff cites to former L. R. Civ. P. 5.5(g)(1), which was in place when counsel filed this motion. *Id*. The Local Rule required that a plaintiff file a § 406(b) motion within 65 days of the date of the final notice of award.[2] *Id*. Defendant agrees that Plaintiff's motion for attorney's fees was filed within the 65-day deadline provided in former L. R. Civ. P. 5.5(g)(1), *see* Docket No. 27 at 4 ("Counsel's motion for Section 406(b) fees, having been filed on August 30, 2019, was submitted 62 days . . . after Plaintiff's final June 29, 2019 Notice of Award"), but contends that Plaintiff's motion was not filed within the 14-day deadline specified in *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). Defendant cites to language in *Sinkler* stating, "[t]his decision . . . now clarifies the application of Rule 54(d)(2)(B)'s fourteen-day filing period in such circumstances. This should make the need for such generally applicable local rules unnecessary in this circuit." *See* Docket No. 27 at 4-5; *see also Sinkler*, 932 F.3d at 89 n.6.

---

[2] On January 1, 2020, L. R. Civ. P. 5.5(g)(1) was amended to provide that counsel "may file a petition for attorney's fees under 42 U.S.C. § 406(b) in accordance with the time frame set forth in F.R.Civ.P. 54(d)(2)(B) and Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019). Unless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff." L. R. Civ. P. 5.5(g)(1).

In *Sinkler*, the Second Circuit held that the 14-day deadline to file an attorney fee petition provided in Fed. R. Civ. P. 54(d)(2)(B) applies to § 406 motions, and runs from the date the claimant receives the notice of benefits award. *Sinkler*, 932 F.3d at 89 (§ 406(b) fee request "is subject to the fourteen-day filing limitation of Rule 54(d)(2)(B) once a party receives notice of a benefits calculation following a sentence four remand judgment."). The *Sinkler* case was decided on August 2, 2019 - 28 days before Plaintiff filed his motion for attorney's fees on August 30, 2019. Pursuant to *Sinkler*, Plaintiff's counsel was required to file his motion by July 16, 2019 (*i.e.*, 14 days after June 29, 2019, allowing an additional three days for mailing). *See Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing."). Plaintiff filed his motion on August 30, 2019 - 45 days after the July 16, 2019 deadline.

In response, Plaintiff contends that *Sinkler* and former L. R. Civ. P. 5.5(g)(1) are not inconsistent and, even if *Sinkler* overrides the local rule, Plaintiff's motion for attorney's fees should be considered timely because she has demonstrated excusable neglect. *See* Docket No. 28 at 1-2. Plaintiff's counsel further explains that he relied on the validity of the local rules, which were in place at the time he filed his motion. *Id*. at 3.

In *Sinkler*, the Court clarified its holding, stating that district courts may extend the 14-day filing period if the circumstances permit. Specifically, the Court stated:

> In holding Rule 54 applicable in these circumstances, we are mindful that its fourteen-day limitations period is not absolute. The rule expressly states that the specified period applies "[u]nless a statute or a court order provides otherwise." Thus, district courts are empowered to enlarge that filing period where circumstances warrant. To be sure, courts cannot adopt local rules or orders that are inconsistent with federal rules of procedure. Nevertheless, where, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case as, for example, when a party needs more time to assemble and file the administrative record.

*Sinkler*, 932 F.3d at 89-90 (internal citations omitted). As noted above, it is undisputed that Plaintiff's motion for attorney's fees was filed within the 65-day deadline mandated by former L. R. Civ. P. 5.5(g)(1). Given that the law regarding the time requirements for filing § 406(b) motions was unsettled at the time Plaintiff's counsel received the Notice of Award, and because there does not appear to be prejudice to either party by Plaintiff's delay in filing her motion, the Court finds that an extension of Rule 54(d)'s 14-day filing period is appropriate in this instance. *See, e.g., Lesterhuis v. Commissioner*, 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019) (granting extension to file § 406(b) motion where "Plaintiff filed the motion just nine days after the 14-day

deadline — a short delay in marked contrast to the six-month delay in *Sinkler*."). As explained in *Russel W. v. Commissioner*:

> Given the unsettled nature of the law in the Second Circuit at the time he received the Notice of Award from the Administration, the Court believes that it was unwise of counsel to wait nearly three months to file his renewed application for attorneys' fees. Nevertheless, it is clear that even following the district court's ruling in *Sinkler*, there was considerable disagreement among the district courts in the Second Circuit concerning the proper timeline for filing Section 406(b) applications. Courts had regularly held that four months or less was a "reasonable time" within which to file a Section 406(b) motion following a final award of benefits.
>
> Accordingly, based on the particular circumstances surrounding the instant application as discussed above, the Court declines to deny Plaintiff's motion on the basis of untimeliness.

*Russell W. v. Commissioner*, No. 7:16-CV-00008(MAD), 2019 WL 5307315, at *3 (N.D.N.Y. Oct. 21, 2019) (internal citations and quotations omitted); *see also David B. v. Saul*, No. 3:17-CV-1242(DJS), 2019 WL 6123780, at *2 (N.D.N.Y. Nov. 19, 2019). Accordingly, the Court will not deny Plaintiff's motion on untimeliness grounds. However, <u>Plaintiff's counsel is on notice that pursuant to the Second Circuit's decision in Sinkler, he must file his § 406(b) motions within Rule 54(d)'s 14-day deadline</u>, unless he can demonstrate a valid reason for an untimely filing, such as a delay in receiving the notice of award.

### B. <u>Reasonableness of Plaintiff's Fee Request</u>

Here, the amount due to Plaintiff's attorney pursuant to the fee agreement is $21,543.37. Plaintiff requests a fee of

$21,543.37, which is exactly 25 percent of the total past-due benefits awarded. Therefore, the contingency percentage is within the 25 percent cap authorized by § 406(b). Given that Plaintiff's attorney has not requested an increased fee amount, the Court concludes that there is no evidence of fraud or overreaching.

Defendant contends that while the fee request does not exceed 25 percent of Plaintiff's past-due benefits, courts have found the *de facto* hourly rate of $697.20 to be a windfall. *See* Docket No. 27 at 5. With regard to this issue, the Court finds that the amount requested does not appear to be so large as to be a windfall to the attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *see also* Docket No. 23-2 at ¶ 14. Plaintiff's counsel has spent a total of 30 hours preparing Plaintiff's case before the federal district court (*see id.* at ¶ 14), which yields an hourly rate of $697.20 (*see* Docket Nos. 23-1 at 8 & 27 at 5), and is reasonable under the circumstances. *See, e.g., Smith v. Saul*, No. 18-CV-148F, 2020 WL 90761, at *2 (W.D.N.Y. Jan. 8, 2020) (approving attorney fee award of $22,838.88, which resulted in an hourly rate of $613.95) (citing *McDonald v. Commissioner*, No. 16-CV-926-FPG, 2019 WL 1375084, at *2-3 (W.D.N.Y. Mar. 27, 2019) (approving attorney's fees in the amount of $30,602.75 for 29.1 hours of work, which yields an hourly rate of $1,051.64) and *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney's fees in the amount of $38,116.50 for 42.75 hours of work, resulting in an hourly rate of $891.61)).

Plaintiff's counsel has worked on this case since May 2016. *See* Docket No. 23-2 at ¶ 8. After multiple denials at the administrative level, *see* Docket No. 23-2 at ¶¶ 5-6, Plaintiff's counsel was ultimately successful in securing over $80,000 in past-due benefits for Plaintiff. The administrative transcript is over 500 pages long. *See* Docket No. 7. Plaintiff's counsel filed a 16-page motion for judgment on the pleadings (Docket No. 10), as well as a reply brief (Docket No. 16), raising three separate arguments in support of Plaintiff's claim for benefits, which the Court found to be persuasive. Accordingly, given the fee agreement and the history of the case, the Court finds that Plaintiff's fee request is reasonable.

## IV. <u>Conclusion</u>

For the reasons discussed above, the Court grants Plaintiff's Motion for Attorney's Fees (Docket No. 23). Plaintiff is awarded attorney's fees in the amount of $21,543.37, which represents 25 percent of the total past due benefits awarded to Plaintiff. The Commissioner is directed to release these funds. Upon receipt of the § 406(b) fee, Plaintiff's counsel shall return to Plaintiff the previously-received $5,751.00 in attorney's fees paid pursuant to the EAJA.

**IT IS SO ORDERED.**

                                          S/Michael A. Telesca
                                _____
                                HONORABLE MICHAEL A. TELESCA
                                United States District Judge

DATED:    January 22, 2020
             Rochester, New York